UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GERJUAN DESHON HARMON, | No. CV 16-1433-JVS (PLA) |
| Plaintiff, | **ORDER RE: DISMISSAL OF ACTION** |
| v. | |
| THE PEOPLE, | |
| Defendant. | |

**I.**

**BACKGROUND**

On March 1, 2016, plaintiff filed an "Emergency Petition for Collateral Order and/or Request for Leave to Present Questions of Law Under the Collateral Order Doctrine" ("Petition" or "Pet."). He purports to bring the Petition as an "Appeal from Judgement of the Superior Court for Los Angeles County, Case No. LA071371." He also notes that he has a direct appeal from that judgment currently pending in the California Court of Appeal. Plaintiff contends that this matter is "indeed colourable under the collateral order doctrine as it necessarily requires adjudication of an abstract issue purely one of law, whole in its merit, completely independent and unrelated to [the] issue of appellant's factual guilt or innocence, and further involves risk of irreparable damage to the constitutional rights of appellant/petitioner." He also states he lacks meaningful opportunity to present the issues

presented, "as appellate counsel adamantly refuses to bring the . . . presented theory of law before the [California] Court of Appeal."

Specifically, plaintiff alleges that his state court action was first dismissed on July 3, 2013, pursuant to a stipulated dismissal as authorized by California Penal Code section 1387.2 and, after taking the necessary waivers pursuant to that section, the trial court pronounced that the case was being dismissed pursuant to California Penal Code section 1385, and that this counted as a first dismissal. Plaintiff's arraignment was continued to July 24, 2013, at which time it was postponed "due to no actual refiling of the information to then-date" -- counting as a second dismissal of his action. On August 2, 2013, the prosecution filed a new information, and on the same date, the trial court purportedly amended the July 3, 2013, minute order nunc pro tunc to "reflect the section 1385 dismissal as one of Penal Code 1382" instead. Plaintiff appears to contend that had the dismissal remained on record as being pursuant to Penal Code section 1385, then pursuant to the "so-called 'two-dismissal rule', counts two through ten (2-10) of the information -- all non-violent offenses -- were procedurally barred from prosecution" pursuant to Penal Code 1387.[1] Nevertheless, the matter was set to proceed to trial, and plaintiff filed a motion to dismiss the action in the trial court pursuant to Penal Code sections 1382, 1385, and 1387, among others. On October 11, 2013, after a hearing, the motion was denied. Plaintiff's petition for writ of prohibition/mandamus to the California Court of Appeal, case number B244705, was summarily denied. His petition for review by the California Supreme Court, "due [to] inadvertent filing/mailing error . . . was not submitted timely and [was] rejected." Trial commenced in December 2013 and mixed verdicts were rendered. Plaintiff then made an "attempt at collateral attack via habeas," in which he discussed the issue of the two dismissals, but his habeas petition was summarily denied. A second trial was held on the "remaining unadjudicated counts," and unfavorable verdicts were rendered.

Plaintiff contends, based on the foregoing, that two dismissals were recorded, and pursuant to the "two-dismissal rule," all non-violent counts against him were barred from a third prosecution.

---

[1] Section 1387 provides that "[a]n order terminating an action pursuant to this chapter, . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter . . . ." Cal. Penal Code § 1387(a).

2

Therefore, the state court action against him was in violation of California Penal Code section 1382(a)(1), which effectively acts "as [a] bar to the action in [its] entirety." Plaintiff contends that this "foregoing presented question of legal theory is meritorious of adjudication by this Court." Plaintiff's direct appeal is currently pending before the California Court of Appeal in case number B259263.

## II.

## DISCUSSION

### A.   COLLATERAL ORDER DOCTRINE

Under the collateral order doctrine, "a decision is final and appealable for purposes of [28 U.S.C.] § 1291 if it 'finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" Van Cauwenberghe v. Biard, 486 U.S. 517, 522, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988) (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949)). However, by its terms, § 1291 applies only to "appeals from all final decisions *of the district courts of the United States* . . . . ." 28 U.S.C. § 1291.

Here, plaintiff is "appealing" from a decision of the state trial court and, therefore, the collateral order doctrine does not apply.

### B.   ROOKER-FELDMAN DOCTRINE

Not only does the collateral order doctrine not apply, but plaintiff's Petition is barred because the Rooker-Feldman doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Review of state court decisions may be conducted only by the United States Supreme Court. See Feldman, 460 U.S. at 476, 486; Rooker, 263 U.S. at 416; see also 28 U.S.C. § 1257. Rooker-Feldman bars

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

The Rooker-Feldman doctrine applies even when the challenge to the state court decision involves federal constitutional issues. See Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 221 (9th Cir. 1994); Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986); see also Branson v. Nott, 62 F.3d 287, 290-92 (9th Cir. 1995) (involving procedural due process challenge to state court proceedings). Further, "Rooker-Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." See Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) (internal quotation marks omitted). In addition, the Rooker-Feldman doctrine is applicable even if the plaintiff's state court appeals are not final, as long as the state courts have resolved the issue that the plaintiff is seeking to litigate in a federal forum. See Mothershed v. Justices of the Sup. Ct., 410 F.3d 602, 604 n.1 (9th Cir. 2005) (as amended); Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (holding that Rooker-Feldman applies equally to interlocutory state court decisions); Worldwide Church of God, 805 F.2d at 893 n.3.

In analyzing whether it has jurisdiction[2] to hear a particular constitutional challenge, a federal district court first must determine whether plaintiff is attempting to bring a "forbidden de facto appeal." See Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013) ("To determine whether the Rooker-Feldman bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision."); Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Such is the case "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state

---

[2] Because the Rooker-Feldman doctrine proscribes federal court jurisdiction over collateral challenges to state court judgments, it cannot be waived, and the Court has an obligation to raise the issue *sua sponte*. See Worldwide Church of God, 805 F.2d at 890 (discussing appellate court's duty to raise jurisdictional issues *sua sponte*); see also, e.g., Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997) ("district court appropriately *sua sponte* raised Rooker-Feldman").

1  court, and seeks relief from a state court judgment based on that decision." See Noel, 341 F.3d at
2  1164. If the court determines that plaintiff is attempting to bring a de facto appeal, then plaintiff also
3  is barred from litigating any "issues that are 'inextricably intertwined' with issues in that de facto
4  appeal." See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (Rooker-Feldman
5  also applies where "claims raised in the federal court action are 'inextricably intertwined' with the state
6  court's decision such that the adjudication of the federal claims would undercut the state ruling or
7  require the district court to interpret the application of state laws or procedural rules."); Kougasian v.
8  TMSL, Inc., 359 F.3d 1136, 1142 (9th Cir. 2004); see also Feldman, 460 U.S. at 483 n.16 (stating
9  that "[i]f the constitutional claims presented to a United States District Court are inextricably
10 intertwined with the state court's [decision], then the District Court is in essence being called upon
11 to review the state court decision").

12 Here, plaintiff complains that he should never have been tried on some or all of the counts for
13 which he was convicted. To the extent that the Petition "asserts as a legal wrong an allegedly
14 erroneous decision by a state court," and seeks relief from a state court judgment based on that
15 erroneous decision, he is purporting to raise a "forbidden de facto appeal." See Bell, 709 F.3d at 897;
16 Noel, 341 F.3d at 1164. Moreover, if plaintiff is attempting to raise a "de facto appeal," then plaintiff
17 also is barred from litigating any "issues that are 'inextricably intertwined' with issues in that de facto
18 appeal." See Reusser, 525 F.3d at 859.

19 Accordingly, to the extent that the Petition purports to allege a legal wrong arising from an
20 erroneous state judicial action, this Court lacks jurisdiction over any claim seeking relief from such
21 state court action.

22 /
23 /
24 /
25 /
26 /
27 /
28 /

## III.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for lack of jurisdiction.

DATED: 3-10-16

                        HONORABLE JAMES V. SELNA
                        UNITED STATES DISTRICT JUDGE